198 N.J. Super. 285 (1984)
486 A.2d 1281
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MICHAEL TATE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1984.
Decided December 6, 1984.
*286 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
James W. Kennedy, Assistant Prosecutor, argued the cause for appellant (John A. Kaye, Prosecutor of Monmouth County, attorney; Anthony Mellaci, Jr., on the brief).
Robert I. Ansell argued the cause for respondent (Anschelewitz, Barr, Ansell and Bonello, attorneys; Robert I. Ansell, of counsel and on the brief).
*287 PER CURIAM.
A Monmouth County Grand Jury indicted defendant for possession of more than 25 grams of marijuana in violation of N.J.S.A. 24:21-20a(4). Defendant served notice on the prosecutor that he would rely on the defense of medical necessity. See N.J.S.A. 2C:2-3. Defendant, who is a quadriplegic, wants to present evidence in the trial to establish that he possessed the marijuana in question for his use to ease the pain caused by the disabling spasticity associated with being a quadriplegic.
The State's pre-trial motion to strike the medical necessity defense as a matter of law was denied. We denied the State's motion for leave to appeal. R. 2:5-6. The Supreme Court granted the State leave to appeal and "summarily remanded [the matter] to the Appellate Division to hear ... the merits of the appeal." 97 N.J. 679.
We now affirm the order under review substantially for the reasons expressed by Judge McGann in his opinion dated April 6, 1984. 194 N.J. Super. 622. Compare State v. Stewart, 196 N.J. Super. 138 (App.Div. 1984).
We add simply that should defendant be acquitted during the impending trial based on a medical necessity defense, his continued use of marijuana will be justifiable pursuant to N.J.S.A. 2C:2-3 only until either the Controlled Dangerous Substance Therapeutic Research Act, N.J.S.A. 26:2L-1 et seq., makes marijuana available to defendant or until the Bureau of Drugs, Food and Drug Administration, in the U.S. Department of Health and Human Services makes tetrahydrocannabinol (THC) available to defendant, whichever first occurs. Our decision should not be interpreted as exempting from prosecution those who would aid defendant in obtaining or possessing marijuana. Finally, this decision is to be given only prospective application.
ANTELL, P.J.A.D., dissenting.
I disagree that defendant's tragic condition supports the affirmative defense of necessity to a charge of unlawfully *288 possessing marihuana. Although its utility for research purposes "under strictly controlled circumstances," N.J.S.A. 26:2L-2, has been given legislative recognition, marihuana nevertheless remains a Schedule I controlled dangerous substance. N.J.S.A. 24:21-5e. As the trial judge noted, this means that apart from its "high potential for abuse," the statute declares that it has "no accepted medical use in treatment in the United States; or lacks accepted safety for use in treatment under medical supervision." Ibid. Although the premises of this enactment are being debated within the medical profession and may be under examination by the legislature, the legal prohibition upon the use of marihuana prevails and until the law is changed the substance remains unavailable for use by defendant even for what he conceives to be medicinal purposes.
According to the opinion under review the defense of necessity would be established upon proof of the following:
(1) [defendant's] condition;
(2) that it is "sense-threatening"  in his case, that the involuntary spastic episodes are real and painful;
(3) that physiological relief (that is by way of muscle relaxation, "pain blocking" of the nervous system or the like) does occur and
(4) that there is no other licit substance which can be prescribed affording the same benefits but without other deleterious side effects. [State v. Tate, 194 N.J. Super. 622, 633 (Law Div. 1984)].
If the defense prevails it serves not only to exculpate defendant of unlawfully using marihuana, but also as an invitation to him and to others to commit a wide range of possessory infractions without hindrance in the future. The amnesty granted is not only for possession immediately incidental to use, but for possession at all other times as well. This follows because the need for therapeutic administration cannot be forecast, and defendant would have to have it available at all times for use when the need arises. Furthermore, it would be left to defendant's unsupervised judgment to decide when, under what circumstances and in what dosages it should be used. As the trial judge himself recognized, the substance may not be prescribed *289 for use and it would therefore be impossible for defendant to obtain professional guidance when actually medicating.
If, in fact, the defense is intended to prevail only in the case of possession incidental to actual use, the fact finder would then have to decide whether the use on any particular occasion was in response to an actual episode of spasticity or for another non-justifiable purpose. In resolving this question a jury would have before it no evidence other than the subjective testimony of the defendant as to the duration and severity of his symptoms, and the decision of defendant's credibility could only be arbitrarily made. There would simply be no way of deciding whether the use was for therapeutic purposes or just as an intoxicant.
It is no answer to say that jurors are frequently called upon to weigh subjective complaints of pain. Perhaps this is so. But to allow a jury to decide the question of guilt or innocence on whether it chooses to believe defendant used the substance to ease his pain or for other reasons would defeat, it seems to me, an unmistakable legislative policy of precluding such use under any and all circumstances.
The case before us must be considered, not in isolation, but as a precedent for others. If the decision under review is affirmed it would stand as a mandate to juries in a wide variety of cases to give legal validation to the medical efficacy of illicit drugs in treating claimed symptoms of a purely subjective character despite the legislature's position to the contrary. While it is not inconceivable that the defense of necessity could be viable in a prosecution for unlawful possession of a controlled dangerous substance, it should not be available where the alleged necessity is regularly recurrent and the violation evidences a calculated intention to disregard the statutory prohibition. If there is to be a change in the legal status of this drug it should be made by the legislature and not by the courts. I would therefore reverse.