275 N.J. Super. 194 (1994)
645 A.2d 1224
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MICHAEL JUDGE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 6, 1994.
Decided July 21, 1994.
*196 Before Judges COLEMAN and THOMAS.
Stephanie P. Tettemer, Chief Assistant Prosecutor, for appellant (John J. O'Reilly, Warren County Prosecutor, attorney; Ms. Tettemer, on the brief).
Gregory G. Gianforcaro, for respondent.
The opinion of the court was delivered by COLEMAN, P.J.A.D.
This is an appeal by the State from an order suppressing evidence seized from an automobile. The issue raised is whether *197 the smell of burnt marijuana, by a trained and experienced State Trooper, emanating from the passenger compartment of a legally stopped motor vehicle, created probable cause to believe that a violation of law had been or was being committed. The judge found probable cause was not established. We disagree and reverse.

I
The essential facts are not in dispute. On March 24, 1992, New Jersey State Troopers Acevedo and Fortunato operated a stationary radar on Interstate 78, in Pohatcong Township. At 12:36 a.m., a motor vehicle operated by defendant was clocked on radar traveling at 67 miles per hour in a 55 mile per hour zone. Based on the radar reading, defendant's vehicle was pursued and stopped for speeding. While the vehicle was parked on the shoulder of the highway, Trooper Acevedo approached the driver's side as Trooper Fortunato approached the passenger side. Each trooper was using a flashlight for illumination. The vehicle contained two passengers: James Francis was in the front seat and Rodolfo Avalos was in the rear seat.
Defendant opened the driver's window, and Trooper Acevedo informed the occupants why the vehicle had been stopped. As he stood beside the opened window waiting for defendant to produce his driver's license and registration, Trooper Acevedo "detected the odor of burnt marijuana." He relied on his training and experience in identifying the odor. After smelling the odor of burnt marijuana, Trooper Acevedo ordered defendant-driver to exit the vehicle. The defendant was searched "looking for the source of the burnt marijuana." No contraband was found on his person.
Francis was then directed to exit the vehicle and he, too, was searched by Trooper Acevedo while Trooper Fortunato was with defendant at the rear of defendant's vehicle. A metal smoking pipe containing burnt marijuana residue was found in Francis's right front pocket. Avalos was also directed to exit the vehicle *198 and he was searched. A metal smoking pipe shaped like a cigarette was seized from his shirt pocket by Trooper Acevedo. It also contained marijuana residue.[1]
After the three occupants were removed from the vehicle and searched, Trooper Acevedo returned his focus to the vehicle. A small plastic bag containing greenish-brown vegetation was found in plain view on the console. Two partially smoked marijuana cigarettes were also in plain view on the console. Trooper Acevedo then opened a gym bag found on the back seat and seized a large plastic bag which contained two smaller bags of suspected marijuana. Defendant admitted the gym bag belonged to him. Shortly thereafter, defendant signed a consent to search the trunk of the vehicle. A tan gym bag found in the trunk contained six plastic bags of suspected marijuana. A scale was found in the gym bag as well. Neither of the occupants admitted ownership of the tan gym bag or its contents. Defendant was under the continuous observation and supervision of Trooper Fortunato during the entire search of the passengers and the motor vehicle.
Defendant was issued a summons for speeding, failing to keep to the right, and possession of marijuana in a motor vehicle. He was also charged with possession of more than fifty grams of marijuana, and possession of a scale as drug paraphernalia. Subsequently, he was indicted for fourth-degree possession of marijuana, N.J.S.A. 2C:35-5b(11), and third-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5a(1).
State Trooper Acevedo testified that he could not determine how long prior to the stop, marijuana had been smoked which created the odor of burnt marijuana he smelled. He was asked by the judge:

*199 THE COURT: Well, in other words, I  from what you smelled on this occasion  was what you smelled  were you able to determine whether it had been recent  was it the smoke of recently smoked marijuana, or was it just a stale odor in the car?
THE WITNESS: I don't believe it can really be distinguished, unless it was just burned at that time where you have a strong odor 
THE COURT: That's what I'm trying to find out, whether you 
THE WITNESS: I couldn't distinguish whether it was present recently, or not, your Honor.
When granting the suppression motions, the judge stated:
I'm not persuaded by a preponderance of the evidence that what was detected here was of a sufficient magnitude when it came to an odor of burnt marijuana to establish probable cause to order  start ordering occupants of the vehicle out of the vehicle and searching them for further marijuana.
So, therefore, this Court finds that under the circumstances in this case, the State has not met its burden of establishing the facts for probable cause to search the occupants of the vehicle.
The judge also found the consent search was not sufficiently attenuated so as to avoid being tainted by the searches conducted without probable cause.

II
It is undisputed that stopping defendant's motor vehicle for speeding satisfied the "articulable and reasonable suspicion" requirement of Delaware v. Prouse, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673 (1979). See also State v. Casimono, 250 N.J. Super. 173, 178, 593 A.2d 827 (App.Div. 1991), certif. denied, 127 N.J. 558, 606 A.2d 370, cert. denied, ___ U.S. ___, 112 S.Ct. 1978, 118 L.Ed.2d 577 (1992).
It is well established that a warrantless search is presumed to be invalid. State v. Bruzzese, 94 N.J. 210, 218, 463 A.2d 320 (1983), cert. denied, 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984); State v. Valencia, 93 N.J. 126, 133, 459 A.2d 1149 (1983). The burden is upon the State to prove the validity of a warrantless search by a preponderance of the evidence. State v. Patino, 83 N.J. 1, 13, 414 A.2d 1327 (1980); State v. Whittington, 142 N.J. Super. 45, 51-52, 359 A.2d 881 (App.Div. 1976). Additionally, *200 it was incumbent upon the State to validate the searches and seizures by establishing that they fall within one of the recognized exceptions to the warrant requirement.
The State has urged that the searches of defendant and the passenger compartment of the vehicle were incident to a lawful arrest of defendant, a recognized exception to the warrant requirement. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) and State v. Alston, 88 N.J. 211, 232-233, 440 A.2d 1311 (1981). The State argues further that the arrest of defendant was lawful based on the plain smell doctrine, which is akin to the plain view exception, see State v. Bruzzese, supra, 94 N.J. at 218, 463 A.2d 320, as well as the automobile exception recognized initially in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and reaffirmed in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); State v. Esteves, 93 N.J. 498, 505-507, 461 A.2d 1128 (1983); State v. Alston, supra, 88 N.J. at 230-231, 440 A.2d 1311.
The touchstone of the Fourth Amendment and Article I, paragraph 7 of the New Jersey Constitution is reasonableness. State v. Bruzzese, supra, 94 N.J. at 219-22, 463 A.2d 320. A search incident to an arrest without a warrant satisfies the standard of reasonableness only if probable cause existed. State v. Young, 87 N.J. 132, 142-143, 432 A.2d 874 (1981), State v. Novembrino, 105 N.J. 95, 105-06, 519 A.2d 820 (1987). Similarly, probable cause must be established to sustain a search under the automobile exception. State v. Pierce, 136 N.J. 184, 204, 642 A.2d 947; State v. Patino, supra, 83 N.J. at 15, 414 A.2d 1327.

III
Probable cause is a well grounded suspicion that a criminal offense has been or is being committed. State v. Burnett, 42 N.J. 377, 387, 201 A.2d 39 (1964). It is more than bare suspicion but less than legal evidence necessary to convict beyond a reasonable doubt. State v. Waltz, 61 N.J. 83, 87, 293 A.2d 167 (1972); State v. Mark, 46 N.J. 262, 271, 216 A.2d 377 (1966). *201 Whether probable cause existed is to be determined by the objective reasonableness standard. State v. Bruzzese, supra, 94 N.J. at 219-221, 463 A.2d 320.
State Trooper Acevedo was familiar with the characteristic odor of burnt marijuana. Once the trooper smelled burnt marijuana, a reasonable inference could be drawn that it was smoked recently by casual users of marijuana. Similarly, the smell of burnt marijuana gave "rise to an inference that would lead a police officer of ordinary prudence and experience conscientiously to entertain a strong suspicion that additional contraband is present in the ... automobile." State v. Patino, supra, 83 N.J. at 12, 414 A.2d 1327. See also State v. Guerra, 93 N.J. 146, 150, 459 A.2d 1159 (1983); State v. Kahlon, 172 N.J. Super. 331, 338, 411 A.2d 1178 (App.Div. 1980), cert. denied sub nom., Kahlon v. New Jersey, 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 88 (1981). Expressed another way, an odor of unburned marijuana creates an inference that marijuana is physically present in the vehicle. An odor of burnt marijuana creates an inference that marijuana is not only physically present in the vehicle, but that some of it has been smoked recently. The suspected marijuana could reasonably have been located in the passenger compartment and/or on the person of the occupants of the vehicle. To be sure, possession and/or use of marijuana in this State, in any amount, is illegal. State v. Tate, 198 N.J. Super. 285, 486 A.2d 1281 (App.Div. 1984), reversed, 102 N.J. 64, 505 A.2d 941 (1986); N.J.S.A. 2C:35-10. Therefore, the smell of burnt marijuana alone suggested a breach of law.
In addition, it is a serious traffic offense for a driver to "operate a motor vehicle on any highway while knowingly having in his possession or in the motor vehicle, any controlled dangerous substance as classified in Schedules I, II, III, IV and V ..." of our Comprehensive Drug Reform Act of 1986, N.J.S.A. 2C:35-1 et seq. N.J.S.A. 39:4-49.1. Marijuana is classified as a Schedule I controlled *202 dangerous substance.[2]
Probable cause determinations require an assessment of the totality of the circumstances in light of an objective reasonableness standard. State v. Novembrino, supra, 105 N.J. at 121, 519 A.2d 820. See also State v. Davis, 104 N.J. 490, 504, 517 A.2d 859 (1986); State v. Bruzzese, supra, 94 N.J. at 217, 463 A.2d 320. The total circumstances here involve a motor vehicle exceeding the speed limit by twelve miles per hour on an interstate superhighway at 12:36 a.m. The driver and the two passengers were from Ohio; the vehicle was registered in the same state. While conversing with the driver, the trooper smelled the odor of burnt marijuana.
Unlike the smell of alcohol emanating from the passenger compartment of a stopped motor vehicle, or even on the breath of the driver, both of which might be lawful, using or possessing marijuana in a motor vehicle in New Jersey is a per se violation of the laws of this State. The trooper was entitled to apply "the factual and practical consideration of everyday life" on which reasonable and prudent persons act. Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890 (1949). Thus, the smell of burnt marijuana under the total circumstances created a heightened and reasonable suspicion that an offense was being committed. We are persuaded that under the totality of the circumstances, probable cause was established.
We recognize that some jurisdictions require the police to establish how recently the marijuana had been smoked before probable cause can be established. People v. Hilber, 403 Mich. 312, 269 N.W.2d 159 (1978), is such a case, and the judge below relied upon its rationale in suppressing the evidence. This case suggests that a police officer who smells burnt marijuana in a motor vehicle can do nothing unless the officer can prove when it was smoked. We are persuaded not to handicap law enforcement *203 to that extent since reasonable suspicion, not proof beyond a reasonable doubt, satisfies our State and federal constitutional requirements. Indeed, Arizona is one of the jurisdictions which shares our view and holds that the odor of burnt marijuana is enough to provide probable cause to initiate a search. State v. Zamora, 114 Ariz. 75, 559 P.2d 195, 197 (Ct.App. 1977), State v. Raymond, 21 Ariz. App. 116, 516 P.2d 58 (1973). Not even a strong odor is required by these cases. We perceive no sound reason why probable cause should be "dissipated by some distant possibility" that the burnt marijuana odor in the vehicle was created when marijuana was smoked days earlier. State v. De Simone, 60 N.J. 319, 323, 288 A.2d 849 (1972). For a more detailed discussion, see Donald M. Zupanec, Annotation, Odor of Narcotics as Providing Probable Cause for Warrantless Search, 5 A.L.R.4th 681 (1981).

IV
Although no formal arrest of defendant was announced when he was directed to step out of the vehicle, he was in reality under arrest for violating N.J.S.A. 39:4-49.1 and N.J.S.A. 2C:35-10. He was escorted to the rear of the vehicle where he remained under the control of Trooper Fortunato. The restraint of his person and the restriction of his liberty of movement by the trooper constituted an arrest. State v. Doyle, 42 N.J. 334, 343, 200 A.2d 606 (1964).
N.J.S.A. 39:5-25 permits a police officer to effectuate an arrest for Chapter 4 traffic offenses occurring in the presence of the officer. Smoking or knowingly possessing marijuana by the driver of the motor vehicle on the highway violates Chapter 4. The "in presence" requirement of N.J.S.A. 39:5-25 is satisfied by the trooper's use of his sense of smell in much the same manner as if he had used his sight or hearing or touched an object such as a sawed off shotgun. See Taylor v. United States, 286 U.S. 1, 6, 52 S.Ct. 466, 467, 76 L.Ed. 951, 953 (1932); State v. Smith, 37 N.J. 481, 495, 181 A.2d 761 (1962), cert. denied, 374 U.S. 835, 83 S.Ct. *204 1879, 10 L.Ed.2d 1055 (1963). Recently, our Supreme Court limited an arrest pursuant to N.J.S.A. 39:5-25 for traffic offenses. State v. Pierce, supra, 136 N.J. at 191-211, 642 A.2d 947. But Pierce permits an arrest for a violation of N.J.S.A. 39:4-49.1 because it directly implicates public safety. Id. at 205, 642 A.2d 947. Pierce also acknowledges that probable cause to believe a violation of N.J.S.A. 39:4-49.1 has occurred, means the vehicle stopped ordinarily contains evidence at risk of destruction. Id. at 210-11, 642 A.2d 947.
Beyond that, the penalty for knowingly operating a motor vehicle on any highway of this State containing marijuana requires the imposition of a fine of "not less than $50.00" and the operator "shall forthwith forfeit his right to operate a motor vehicle for a period of two years...." N.J.S.A. 39:4-49.1. This means that anyone who operates a motor vehicle on any highway of this State while "knowingly having in his possession or in the motor vehicle," as little as one marijuana cigarette or a roach, may be fined $50 or more and must have his or her driver's license suspended for two years. N.J.S.A. 39:4-49.1. Not surprisingly, the penalty for violating N.J.S.A 39:4-49.1 has been deemed to be more onerous in many respects than driving while under the influence of alcohol, a violation of N.J.S.A. 39:4-50(a).[3]See Smith v. Anderson, 210 N.J. Super. 669, 672-73, 510 A.2d 332 (Law Div. 1986). While N.J.S.A. 39:4-49.1 does not permit a period of incarceration as in the case of a violation of N.J.S.A. 39:4-50(a), a two year suspension of a driver's license and a fine of at least $50 represent "consequence[s] of magnitude." Rodriguez v. Rosenblatt, 58 N.J. 281, 295, 277 A.2d 216 (1971). We conclude that defendant was lawfully arrested for suspected violations of N.J.S.A. 2C:35-10 and N.J.S.A. 39:4-49.1 before he or his vehicle was searched.
*205 Pierce also permits a Chimel contemporaneous search as an incident of a lawful arrest pursuant to N.J.S.A. 39:4-49.1. Pierce, supra, 136 N.J. at 214, 642 A.2d 947. The scope of a Chimel search is limited to that area within the arrestee's immediate control from which the arrestee might destroy evidence or seize a weapon. Chimel, supra, 395 U.S. at 762-63, 89 S.Ct. at 2039-40, 23 L.Ed.2d at 694. Even though defendant was standing at the rear of his vehicle when marijuana, in plain view, was seized from the console, he could have run back to the car because no restraints were on his legs and he was not in handcuffs. He was standing at the rear of his vehicle. Once the marijuana was seized from the console, the arrest for a traffic offense, N.J.S.A. 39:4-49.1, escalated to an arrest for a violation of N.J.S.A. 2C:35-10.[4] Thus, the search of defendant's gym bag located on the rear seat was incident to a lawful arrest.

V
We are also satisfied that the search of the vehicle was justified under the automobile exception. State v. Alston, supra, 88 N.J. at 230-31, 440 A.2d 1311. The very same facts which constitute probable cause to arrest defendant for violating N.J.S.A. 39:4-49.1, also afforded the trooper probable cause to believe that the vehicle contained evidence of criminal activity or contraband. When a motor vehicle is stopped on the open highway and probable cause exists, "a warrantless search of the vehicle is authorized, not as a search incident to arrest, but rather as a search falling within the automobile exception to the warrant requirement." State v. Pierce, supra, 136 N.J. at 204-05, 642 A.2d 947 (quoting from People v. Blasich, 73 N.Y.2d 673, 543 N.Y.S.2d 40, 541 N.E.2d 40, 43 (1989)). Here, the scope of a search *206 permitted under the automobile exception was not exceeded because it "is defined by the object of the search and the places where there is probable cause to believe that [the object of the search] may be found." State v. Esteves, supra, 93 N.J. at 508, 461 A.2d 1128. The trunk was searched only after defendant consented. State v. Johnson, 68 N.J. 349, 346 A.2d 66 (1975). Since we find probable cause existed before consent to search the trunk was given, that consent was not tainted.
The order suppressing the evidence is reversed. The matter is remanded to the Law Division to dispose of the charges.
NOTES
[1] We have not considered, in our probable cause determination, the two pipes seized from the passengers since they are not parties to this appeal and defendant has not been charged with possession of them. For the same reasons, we have not considered the propriety of asking the passengers to exit the vehicle. But see State v. Valentine, 134 N.J. 536, 636 A.2d 505 (1994), and State v. Smith, 134 N.J. 599, 637 A.2d 158 (1994).
[2] Marijuana was brought within purview of N.J.S.A. 39:4-49.1 by L. 1985, c. 239, § 1, effective July 17, 1985.
[3] In comparison, a violation of this statute requires the imposition of a fine "not less than $250.00" and the forfeiture of the right to operate a motor vehicle "for a period of not less than six months nor more than one year." N.J.S.A. 39:4-50(a)(1).
[4] While Pierce prohibits a search authorized by New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1981), where there is a warrantless arrest for a motor vehicle offense, the search of the gym bag on the back seat occurred after defendant was under arrest for suspicion of violating N.J.S.A. 2C:35-10, a non-traffic offense.