285 N.J. Super. 475 (1995)
667 A.2d 382
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
THEODORE VANDERVEER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 9, 1995.
Decided November 27, 1995.
*476 Before Judges SHEBELL, WALLACE and NEWMAN.
John Kaye, Monmouth County Prosecutor, attorney for appellant (Mark P. Stalford, Assistant Prosecutor, of counsel and on the letter brief).
Kim A. Fellenz, attorney for respondent, on the letter brief.
The opinion of the court was delivered by NEWMAN, J.A.D.
On leave granted, the state appeals from an order of the Law Division granting defendant Theodore Vanderveer's motion to suppress. We reverse.
The relevant facts developed at the suppression hearing may be summarized as follows. On August 5, 1993, Sheriff's Officers John McDonald and Chris Fagan were executing an arrest warrant for N.R. of 1215 Monroe Avenue, Asbury Park. That warrant had *477 been issued by a Superior Court judge in connection with a failure to pay child support. At approximately 7 p.m., the officers pulled up in an unmarked vehicle and parked one house away from the Monroe Avenue address. While sitting in their unmarked vehicle, Officer McDonald observed N.R. on the front porch at 1215 Monroe Avenue, identifying him from a photo attached to the arrest warrant. Another individual was observed on the porch, later identified as defendant.
The two officers left the vehicle. Two young women were standing near the curb, eight to twelve feet from the porch of 1215 Monroe Avenue. The officers walked up to the porch, which had a number of steps. Officer McDonald advised N.R. he had a warrant for his arrest and that he was under arrest. While on the porch, Officer McDonald detected a strong odor of burnt marijuana. By prior training and experience, Officer McDonald was familiar with the distinctive odor of burnt and raw marijuana. The odor was only noticed while on the porch and the smell emanated from the area where defendant and N.R. were standing. The porch was approximately six to eight feet deep and fourteen to sixteen feet wide. No other individual had been observed near the porch.
N.R. was placed under arrest and searched. No contraband was discovered. No burnt marijuana or contraband was observed in the immediate area. Officer McDonald then patted down defendant, who was wearing military style camouflage pants and had several items in each pocket. After the pat-down, Officer McDonald requested that defendant empty his pockets. Defendant was observed to be shaking and nervous. While emptying his front left-hand pocket, defendant dropped an object to the floor of the porch. Officer McDonald retrieved the dropped tissue and unravelled it. It contained a folded-up dollar bill, which when unfolded by the officer, revealed two other pieces of paper that contained a white powdery substance. Based on the officer's training and experience, Officer McDonald believed the substance to be cocaine and placed defendant under arrest.
*478 Defendant testified at the hearing. He stated that N.R., when told that he was going to be arrested on a warrant, asked if he could retrieve certain prescribed medication in his residence. According to defendant, both officers accompanied N.R. into the residence. While they did so, defendant went to his car, which was parked in front of the officers' vehicle, to get a cigarette. He returned to the porch. The officers left the residence and put N.R. in the police vehicle. Defendant was told that a report had been received complaining of marijuana smoking in the area. Based on that call, the Sheriff's officer searched defendant.
Officer McDonald testified on rebuttal that the Sheriff's officers did not receive dispatches concerning complaints of criminal activity when assigned to the warrant squad and in the process of serving warrants.
The motion judge, implicitly accepting the testimony of Officer McDonald, granted the motion to suppress. The motion judge concluded that the odor of burnt marijuana in the open air, not confined to a motor vehicle, did not provide probable cause to conduct a search. We disagree.
Probable cause is a well-founded suspicion that a criminal offense has been or is being committed. State v. Burnett, 42 N.J. 377, 201 A.2d 39 (1964). It is more than bare suspicion but less than legal evidence necessary to convict beyond a reasonable doubt. State v. Waltz, 61 N.J. 83, 87, 293 A.2d 167 (1972). Whether probable cause existed is to be determined by the objective reasonableness standard. State v. Bruzzese, 94 N.J. 210, 219-221, 463 A.2d 320 (1983), cert. denied 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed. 2nd 695 (1984).
In State v. Judge, 275 N.J. Super. 194, 201, 645 A.2d 1224 (App.Div. 1994), we recognized that the odor of burnt marijuana gave rise to an inference to lead a police officer of ordinary prudence and experience to entertain a strong suspicion that additional contraband was present. In Judge, the odor of burnt marijuana emanated from an automobile. See also, State v. *479 Guerra, 93 N.J. 146, 150, 459 A.2d 1159 (1983) (Strong odor of raw unburned marijuana that could not have emanated from small suitcase in an automobile's interior provided probable cause to state police to search trunk for evidence of contraband.)
We discern no basis to draw a distinction between an automobile and the limited area of an open porch to a private two-family residence measuring eight by sixteen feet. What we said in State v. Judge would therefore have equal applicability here.
Expressed another way, an odor of unburned marijuana creates an inference that marijuana is physically present in the vehicle. An odor of burnt marijuana creates an inference that marijuana is not only physically present in the vehicle, but that some of it has been smoked recently. The suspected marijuana could reasonably have been located in the passenger compartment and/or on the person of the occupants of the vehicle. To be sure, possession and/or use of marijuana in this state, in any amount, is illegal. State v. Tate, 198 N.J. Super. 285 [486 A.2d 1281] (App.Div. 1984), rev'd 102 N.J. 64 [505 A.2d 941] (1986); N.J.S.A. 2C:35-10. Therefore, the smell of burnt marijuana alone suggested a breach of law.
[State v. Judge, supra, 275 N.J. Super. at 201, 645 A.2d 1224].
Officer McDonald, by prior training and experience, was familiar with the odor of burnt as well as raw marijuana. He did not waver in asserting that there was a strong odor of marijuana where defendant and N.R. were standing on the front porch. The odor of marijuana is very distinctive. When no contraband was found on N.R., who was searched incident to the execution of an arrest warrant, the officer's attention naturally turned to defendant. Probable cause existed that a criminal offense had been committed and that additional contraband might be present. Officer McDonald was permitted to search for contraband of the offense. The fact that cocaine turned up instead of marijuana does not invalidate the search.
Other courts have upheld the validity of warrantless searches based on the detection of the odor of marijuana or marijuana smoke as providing probable cause, standing alone, for a search where the law enforcement officer who detects the odor has experience in identifying marijuana by smell. See generally, Annotation, Odor of Narcotics As Providing Probable Cause For a Warrantless Search, 5 A.L.R. 4th 681 (1981) and the cases collected *480 under n. 21 at 687. See also, State v. Garcia, 32 Ohio App.3d 38, 513 N.E.2d 1350 (1986) (Smell of freshly burned marijuana in men's room alone provided probable cause to search occupant. Cocaine was seized where defendant had exchanged cocaine for a marijuana cigarette.); State v. Decker, 119 Ariz. 195, 580 P.2d 333 (1978) (Strong odor of burned marijuana emanating from a hotel room provided the police with a reasonable belief that the occupant or occupants of the room were probable offenders); Florida v. T.T., 594 So.2d 839 (Fla. Dist. Ct. App. 1992) (Sheriff's deputy, working off-duty as security guard at skating rink, had probable cause to believe juvenile patron was in possession of marijuana based solely on very strong smell of burned marijuana residue detected from juvenile as he walked past deputy at entrance doorway where deputy had been trained in narcotics and made numerous drug and marijuana arrests.)
In State v. Cross, 23 Or. App. 536, 543 P.2d 48 (1975), a case bearing a striking similarity to the facts here, a police officer was dispatched to a local shopping area parking lot to investigate damage by a vehicle to a light pole. Defendant, though not involved in the accident, was present at the request of the driver of the involved vehicle, who was defendant's girlfriend. While talking face-to-face with the girl and defendant for a substantial period, the officer concluded that he smelled a light to medium odor of marijuana emanating from defendant. During the conversation, defendant had removed, folded and placed two jackets that he had been wearing upon the seat of his motorcycle. The officer told defendant of his suspicions. Defendant responded that the officer probably smelled patchouli oil, which he had previously put on that day. The officer answered "No, I recognized those smells." He searched the folded jackets, finding thirteen hand-rolled marijuana cigarettes in one of the pockets. The officer then searched defendant and found, in his trouser pocket, a vial containing a white powder substance which was later identified as cocaine. The court held that the officer had probable cause to make the search because the officer smelled the odor of marijuana emanating from the clothing and person of defendant.
*481 We recognize that heretofore our courts have had occasion to address marijuana smell cases in the context of automobiles, rooms or other confined interior space. We see no justifiable distinction between those situations and the circumscribed outdoor area of the front porch leading to the two-family residence here. The eight-by-sixteen foot space is comparable to the compartment of an automobile. We therefore hold that an officer, who by training or experience can recognize burnt marijuana by smell, and who has a justifiable basis for believing that what he smelled in a confined outdoor porch space was the odor of burnt marijuana, has sufficient probable cause to conduct a warrantless search of the persons in the immediate area from where the smell has emanated. Exigent circumstances clearly were present in this case to justify a warrantless search.
The order granting the motion to suppress is vacated and the matter is remanded.