STATE of Wisconsin, Plaintiff-Respondent,†

v.

Timothy M. SECRIST, Defendant-Appellant.

Court of Appeals

*No. 97–2476–CR. Submitted on briefs December 8, 1997.—Decided April 1, 1998.*

(Also reported in 582 N.W.2d 37.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Patrick M. Donnelly*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Paul E. Bucher*, district attorney, and *Linda M. Van De Water*, assistant district attorney.

A supplemental brief was submitted by *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Brown, Nettesheim and Anderson, JJ.

BROWN, J. The issue in this case is whether the odor of marijuana emanating from a vehicle is enough to establish probable cause to arrest the sole occupant of the vehicle. The trial court found the odor of mari-

juana sufficient to establish probable cause. Because odor from a vehicle alone does not give an officer reasonable grounds to conclude that the sole occupant of the vehicle is the person who smoked the marijuana, we reverse.

Timothy M. Secrist appeals his conviction for possession of a controlled substance (THC) in violation of § 161.41(3r), STATS., 1993–94.[1] Secrist was arrested on July 4, 1996. That day an officer of the City of New Berlin Police Department was directing traffic at the local Fourth of July parade. Secrist, alone in his car, drove up to the officer to ask for directions. The officer detected the odor of marijuana coming from the vehicle, an odor he recognized from his training and experience. He told Secrist to pull over, ordered him from his car and placed him under arrest for possession of marijuana. A search of the car turned up a marijuana cigarette and roach clip. Secrist moved to suppress this evidence as seized following an illegal arrest. The trial court denied his motion.

The smell of marijuana coming from Secrist's car was the only factor in the officer's decision to arrest Secrist. The officer did not see any smoke in the vehicle nor did he make any physical observations of Secrist. At no time did he note that Secrist made any furtive gestures or that Secrist had glassy or bloodshot eyes. While he testified that maybe Secrist's balance and speech were impaired, he did not notice this until after

---

[1] Secrist was also charged with possession of drug paraphernalia in violation of § 161.573(1), STATS., 1993–94. This charge was dismissed and read in pursuant to a plea agreement. The statutes were subsequently amended and renumbered to §§ 961.41(3g)(e) and 961.573(1), STATS., by 1995 Wis. Act 448, §§ 262 and 313, effective July 9, 1996. See 1995 Wis. Act 448, § 515.

the arrest and did not mention it in his report. The arrest was based solely on the odor emanating from Secrist's vehicle. Secrist appeals his conviction, claiming that there was no probable cause to arrest him. Since the marijuana and roach clip were discovered in a search subsequent to an invalid arrest, Secrist argues those items should have been suppressed. Thus, Secrist would have us overturn his conviction based on the "fruit of the poisonous tree" doctrine first pronounced in *Wong Sun v. United States,* 371 U.S. 471, 488 (1963). We agree.

The district attorney urges us to affirm based on facts not supported by the record.[2] In a memorandum to the trial court, the district attorney described the marijuana odor as being on Secrist's breath. We need not decide if this fact would affect the outcome of this case, since the officer's testimony does not support this assertion.

The attorney general, on the other hand, concedes that "the odor of a controlled substance alone is insufficient to support probable cause to arrest." However, the attorney general claims that there were additional factors present to justify probable cause to arrest. One cited factor is that the odor was coming from the person of the defendant, rather than from the passenger compartment in general. As noted above, this is not supported by the record. The second factor, heavily relied upon by the attorney general, is that Secrist was alone in the vehicle. This is the only fact, aside from the

---

[2] Both the district attorney and the attorney general have submitted a brief to this court. This case was originally a one-judge appeal when the district attorney submitted his brief. The attorney general submitted its brief following an order that this be made a three-judge appeal pursuant to § 809.41(3), STATS.

marijuana odor coming from the car, that is supported by the record.

Thus, the narrow issue before this court is whether marijuana odor coming from the passenger compartment of a car, coupled with the fact that the driver is the sole occupant of the car, establishes probable cause to arrest the driver for possession of marijuana.

■

Probable cause to arrest refers to the amount of evidence that would lead a reasonable police officer to believe that a crime has been committed and that the defendant is the person who committed the crime. *See State v. Mitchell*, 167 Wis. 2d 672, 681, 482 N.W.2d 364, 367 (1992). The amount of evidence necessary to establish probable cause need not be enough to lead to a conviction, nor need it even make guilt more likely than not. *See id.* at 682, 482 N.W.2d at 367–68. However, the evidence must establish more than a mere possibility or suspicion that the defendant has committed a crime. *See id.* at 681, 482 N.W.2d at 367. Whether probable cause exists in a particular case is judged by the facts of that case. *See id.* at 682, 482 N.W.2d at 368. And while the trial court's findings of fact will not be overturned unless clearly erroneous, whether those facts constitute probable cause to arrest is a question of law which we review de novo. *See State v. Drogsvold*, 104 Wis. 2d 247, 255, 262, 311 N.W.2d 243, 247, 250 (Ct. App. 1981).

Whether marijuana odor alone can establish probable cause to arrest was left open in *Mitchell*. *See Mitchell*, 167 Wis. 2d at 683, 482 N.W.2d at 368. There, the officer saw two men in a parked car and decided to investigate. When he approached the car, the officer saw smoke in the passenger compartment and smelled burned or burning marijuana through the open win-

dow. *See id.* at 678, 482 N.W.2d at 366. He arrested both occupants for possession of marijuana. *See id.* The court, in upholding the validity of the arrests, focused on the importance of both the smell of marijuana and the visible smoke in the vehicle. *See id.* at 684, 482 N.W.2d at 368–69. Since probable cause was based on both of these factors, the arrest was valid. *See id.* The court explicitly declined to decide on the sufficiency of marijuana odor alone. *See id.* at 683, 482 N.W.2d at 368.

Although the issue is one of first impression in Wisconsin, several other jurisdictions have decided the question of whether marijuana odor alone can establish probable cause to arrest. In Michigan, odor alone cannot establish probable cause to arrest. *See People v. Hilber*, 269 N.W.2d 159, 164 (Mich. 1978). In *Hilber*, police arrested the sole occupant of a vehicle based on the smell of marijuana flowing from the car. *See id.* at 161. The Michigan Supreme Court reversed the conviction, finding that while the odor of marijuana gives reason to believe that a crime has been committed, an odor coming from a car is not enough to establish that the occupant was the person who smoked the marijuana. *See id.* at 164. Smells linger, and, especially in an automobile, a persistent odor may be strong and appear recent even though it has lingered for hours or even days. *See id. See also People v. Taylor*, 564 N.W.2d 24, 30 (Mich. 1997); *People v. Harshbarger*, 321 N.E.2d 138, 140–41 (Ill. App. Ct. 1974); *State v. Schoendaller*, 578 P.2d 730, 734 (Mont. 1978).

Other jurisdictions have found that marijuana odor alone is sufficient to establish probable cause to arrest. *See, e.g., State v. Judge*, 645 A.2d 1224, 1227–28 (N.J. Super. Ct. App. Div. 1994). The *Judge* court declined to adopt the reasoning of *Hilber*, finding that

to do so would handicap law enforcement. *See id.* at 1228. The court found that the odor of burned marijuana in a vehicle implies that someone has recently smoked it in the vehicle, thus establishing probable cause to arrest the occupant. *See id.* The court distinguished the smell of marijuana from the smell of alcohol, since possession of marijuana, unlike alcohol, is per se illegal. *See id. See also State v. Cooper,* 636 P.2d 126, 130 (Ariz. Ct. App. 1981) (odor of marijuana emanating from vehicle is sufficient to establish probable cause to arrest); *State v. Hammond,* 603 P.2d 377, 378–79 (Wash. Ct. App. 1979) (odor of marijuana emanating from vehicle is sufficient to establish probable cause to arrest); *People v. Nichols,* 81 Cal. Rptr. 481, 483–84 (Cal. Ct. App. 1969) (odor of marijuana emanating from house is sufficient to establish probable cause to arrest).

We find the *Hilber* rationale more persuasive. Here, as in *Hilber,* one prong of probable cause to arrest is missing: that it was the defendant who committed the crime. True, the marijuana odor gave the officer reason to believe that a crime had been committed. But he did not have reason to believe that the crime had just been committed or that Secrist had committed it. Unlike in *Mitchell,* where the lingering smoke in the vehicle indicated that the marijuana had been smoked quite recently, here there was no indication as to when the marijuana had been smoked or by whom. The smell of marijuana lingers, and thus it could have been smoked five minutes ago or several hours ago. *See Schoendaller,* 578 P.2d at 734 (noting officer's testimony that "mere odor of marijuana might linger in an automobile for more than a day"). In *Mitchell,* the presence of smoke indicated that either the driver, the passenger or both were smoking marijuana. Here, the

lone odor only suggests that someone had been smoking marijuana. There was no indication as to when the marijuana had been smoked or by whom.

While we recognize that police officers should not be unduly restrained in their duty to investigate crime and apprehend criminals, the mere odor of marijuana coming from a car with a sole occupant is not enough to establish probable cause to arrest. Here, the officer had only the suspicion that it was Secrist who had been smoking marijuana. This mere suspicion is not sufficient for probable cause to arrest. Because the evidence relied upon for conviction was the fruit of a search subsequent to an unlawful arrest, we reverse Secrist's conviction.

*By the Court.*—Judgment reversed.