**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2533-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUSTIN C. WILLIAMS,

     Defendant-Appellant.

_____

          Submitted September 14, 2021 – Decided September 21, 2021

          Before Judges Fisher and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 17-09-0681.

          Joseph E. Krakora, Public Defender, attorney for appellant (Kathryn A. Sylvester, Deputy Public Defender, of counsel and on the brief).

          William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following the denial of his motion to suppress evidence seized during a warrantless search of his motor vehicle, defendant pleaded guilty to second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1), and was later sentenced to a five-year prison term subject to a forty-two-month period of parole ineligibility. He appeals the denial of his suppression motion, arguing: (1) the search of his vehicle was unlawful "because the only basis for probable cause was the claim that a 'plain smell' of marijuana was present, and the claim lacked credibility"; and (2) because "marijuana is no longer per se contraband, an odor of marijuana alone should not establish probable cause to conduct warrantless vehicle searches." We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), and affirm, adding only the following brief comments.

The trial judge's findings are contained in a written decision. The sole witness at the suppression hearing, Detective Michael Oberlies, whom the judge found credible, testified about his stop of the vehicle defendant was driving in Linden shortly before 1:00 a.m. on July 12, 2017. The stop was valid because it was initiated when the detective observed that the driver – defendant – was not wearing a seatbelt. See N.J.S.A. 39:3-76.2f. During the conversation between the detective and defendant through the open window of defendant's

vehicle, the detective not only felt that defendant's responses were hostile, but he also detected the odor of marijuana emanating from defendant's vehicle. The detective returned to his vehicle, leaving defendant seated in his own vehicle, and called for back-up while also checking on defendant's credentials. When back-up arrived, the detective re-approached the driver side of defendant's vehicle and told defendant to get out. Defendant complied. The detective explained to defendant that he smelled marijuana and that he would search the vehicle; defendant did not consent but complied with the detective's directives. The detective patted defendant down and found nearly $10,000 in currency and papers listing names and numbers in his pockets. Without either consent or a warrant, the officers searched the vehicle and found in the center console a handgun and hollow-point bullets and in the back seat a backpack containing a sealed glass bottle that appeared to contain marijuana.

Defendant does not dispute the validity of the motor vehicle stop. He also recognizes that when the search occurred the law was well established that "the smell of marijuana itself constitutes probable cause 'that a criminal offense ha[s] been committed and that additional contraband might be present.'" State v. Nishina, 175 N.J. 502, 515-16 (2003) (quoting State v. Vanderveer, 285 N.J. Super. 475, 479 (App. Div. 1995)). Defendant instead contends the judge erred

3

by crediting the detective's testimony, pointing to three portions or aspects of the detective's testimony.

First, defendant alludes to the fact that the detective testified he did not recall whether the smell he detected before the search was of burnt or raw marijuana. This assertion, while true, does not tell the whole story; what the detective actually testified to was this:

> Q. Now in the car did you smell burnt or raw marijuana? Do you recall?
>
> A. I don't recall, I would like to say it was burnt though.
>
> Q. Okay.
>
> A. I believe it was burnt.

Considering the passage of nearly a year from the search to the hearing, the fact that the detective wasn't entirely sure what he then smelled is hardly surprising; more to the point, the detective qualified his uncertainty by stating that he believed it was burnt. Moreover, the detective's failure to remember with certainty was not a fact that compelled the judge to find the detective lacked credibility. The judge was entitled to find the detective credible – and we are obligated to defer to that finding, State v. Scriven, 226 N.J. 20, 40 (2016); State v. Rockford, 213 N.J. 424, 440 (2013) – even if the detective was then uncertain

4

about whether the smell was of burnt or raw marijuana.  The smell of either provided cause for a further warrantless search.

Second, defendant argues that it was "essentially impossible" for the detective to smell raw marijuana because the only raw marijuana recovered was enclosed in a cylindrical tube, which was enclosed in a glass jar which was enclosed in a backpack in the back seat.  That may be true, but the detective testified – albeit without complete certainty – that he smelled burnt marijuana and it was that smell that prompted the further investigation and ultimately the search of the vehicle.

Third, defendant argues that the officers lacked a sound basis for searching the vehicle's trunk.  Because no evidence was found in the trunk, we need not determine whether the smell of marijuana either alone or in conjunction with what the officers found in the passenger compartment of the vehicle warranted a search of the trunk.

Defendant also contends in his first point that we should follow the decisions of other states that have rejected or limited "plain smell" as a basis for a warrantless vehicle search.  See Lewis v. State, 233 A.3d 86, 91 (Md. 2020); Commonwealth v. Cruz, 945 N.E.2d 899, 912-13 (Mass. 2011); Commonwealth v. Barr, 240 A.3d 1263, 1268 (Pa. Super. 2020), appeal docketed, 252 A.3d 1086

(Pa. 2021); Zullo v. State, 205 A.3d 466, 502-03 (Vt. 2019). Whether the decisions of these other courts are persuasive or not, or distinguishable or not, is beside the point. Indeed, our law has evolved to the point of now recognizing that the smell of marijuana alone cannot be the basis for a warrantless vehicle search; the Legislature has enacted N.J.S.A. 2C:35-10 (effective February 22, 2021), which declares that the odor of marijuana cannot create a reasonable suspicion or probable cause to conduct a warrantless search. But the fact remains that notwithstanding the law of other states or the recent change in our own law, well-established principles adopted by our Supreme Court – found in cases like Nishina, State v. Hagans, 233 N.J. 30, 42 (2018), and State v. Walker, 213 N.J. 281, 290 (2013), which all recognized the validity of a warrantless search based solely on the smell of marijuana – applied when police conducted the warrantless search of defendant's vehicle.

We lastly turn to defendant's second point, which argues that the search occurred after the Legislature's 2010 adoption of the Compassionate Use Medical Marijuana Act, N.J.S.A. 24:6I-1 to -56. In appealing, defendant argues for the first time that CUMMA eviscerated the principle that the smell of marijuana may suggest the presence of contraband or that someone is engaged in criminal conduct. We reject this argument. CUMMA insulates only certain

persons from criminal prosecution. As the Legislature declared in N.J.S.A. 24:6I-2(e), CUMMA was designed to "protect from arrest, prosecution, property forfeiture, and criminal and other penalties, those patients who use marijuana to alleviate suffering from qualifying medical conditions." Defendant did not provide evidence at the suppression hearing that he was a "qualifying patient" under CUMMA, N.J.S.A. 24:6I-3, and, indeed, does not now argue that he is in possession of evidence that would prove or even suggest he was a qualifying patient. While CUMMA might have very well suggested society's evolving attitude toward the possession and use of marijuana, again we are bound to the Supreme Court's repeated and recent declarations that the smell of marijuana was sufficient to authorize the warrantless search of defendant's vehicle when it happened. We recognize that a motion to suppress evidence obtained from an identical search occurring after February 22, 2021, would have to be granted. But timing is everything; the search of defendant's vehicle occurred prior to this shift in the law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2533-18