**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3691-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TERRELL JACKSON,

    Defendant-Appellant.

_____

Submitted December 5, 2023 – Decided December 12, 2023

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 21-10-0651.

Joseph E. Krakora, Public Defender, attorney for appellant (Alyssa A. Aiello, Assistant Deputy Public Defender, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Amanda Gerilyn Schwartz, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

After an evidentiary hearing, the trial court rejected defendant Terrell Jackson's motion to suppress evidence found on his person and in a car in which he was a passenger during the course of a motor vehicle stop. Thereafter, defendant pled guilty to second-degree unlawful possession of a handgun in violation of N.J.S.A. 2C:39-5(b)(1). The trial court sentenced defendant to five years in prison with a forty-two-month period of parole ineligibility.

On appeal, defendant raises the following contentions:

POINT I

THE WARRANTLESS SEARCHES IN THIS CASE WERE UNREASONABLE, BECAUSE THEY OCCURRED DURING THE [FIFTY]-DAY PERIOD AFTER THE CONSTITUTIONAL AMENDMENT TO LEGALIZE MARIJUANA HAD GONE INTO EFFECT BUT BEFORE [THE CANNABIS REGULATORY, ENFORCEMENT ASSISTANCE, AND MARKETPLACE MODERNIZATION ACT (CREAMMA), N.J.S.A. 24:6I-31 TO 56] BECAME LAW, WHEN THERE WAS UNDENIABLE CONFUSION OF CONSTITUTIONAL DIMENSION AS TO WHETHER SIMPLE POSSESSION OF MARIJUANA WAS STILL AN OFFENSE.

POINT II

BECAUSE THE LAW LEGALIZING MARIJUANA DEMANDS RETROACTIVE APPLICATION, THE DENIAL OF THE SUPPRESSION MOTION MUST BE REVERSED.

2

Having considered these arguments in light of the record and the applicable law, we conclude they are without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm defendant's conviction and sentence and add the following comments.

The search involved in this case took place on February 3, 2021. Officer Rodrigo Cervantes was driving his patrol car through a motel parking lot during a check of the premises. He had his car windows open so he could hear what was going on outside.

Cervantes came upon a white Pontiac in front of the lobby entrance, which blocked him from going to the back parking lot of the motel. As Cervantes waited behind the Pontiac, the driver and the front seat passenger got out of the car. "As the[ir] doors opened, [Cervantes] immediately smelled the odor of marijuana, which [he] knew that the wind was coming from that direction, so [he] deemed that it was coming from inside the [Pontiac]." When the driver saw Cervantes, she returned to the car and began to drive to the back of the parking lot.

The Pontiac's brake light was not working and Cervantes decided to conduct a vehicle stop. While he was at the driver's door, Cervantes again smelled marijuana. Cervantes asked the driver to get out of the car.

3

Cervantes saw defendant in the back seat of the Pontiac. Defendant was "pulling his pants up." After backup arrived, Cervantes asked defendant to get out of the car and told him that "the vehicle smelled like weed." Defendant admitted "that he had marijuana on him." Cervantes searched defendant and felt bags of marijuana in his pocket. Cervantes then arrested defendant and placed him in handcuffs.[1]

During a search incident to the arrest, Cervantes found a loaded handgun on defendant's inner thigh. Inside the car, Cervantes found empty bags of marijuana in the "back area" of the Pontiac and a scale in the center console. Defendant told Cervantes that the marijuana in the car "was his."

At the time of the February 3, 2021 stop and search, "New Jersey courts . . . recognized that the smell of marijuana itself constitutes probable cause that a criminal offense ha[s] been committed and that additional contraband might be present." State v. Walker, 213 N.J. 281, 290 (2013) (alteration in original) (internal quotation marks omitted) (quoting State v. Nishina, 175 N.J. 502, 515-16 (2003)). Thus, upon detecting the smell of marijuana, police were authorized "to conduct a warrantless search of the persons in the immediate area from where

---

[1] Defendant was twenty years old at the time of his arrest.

A-3691-21

the smell [had] emanated." Nishina, 175 N.J. at 516 (alteration in original) (quoting State v. Vanderveer, 285 N.J. Super. 475, 481 (App. Div. 1995)).

On February 22, 2021, however, the New Jersey Cannabis Regulatory Enforcement Assistance and Marketplace Modernization Act ("CREAMMA") became effective. As our Supreme Court recently explained:

> Through CREAMMA, the Legislature fashioned "a new approach to our marijuana policies" and "legaliz[ed] a new form of marijuana to be referred to as cannabis." N.J.S.A. 24-6I-32(a). CREAMMA's amendments to N.J.S.A. 2C:35-10 largely decriminalized the possession of unregulated marijuana occurring on or after its effective date of February 22, 2021. N.J.S.A. 2C:35-10(a)(4)(b).
>
> CREAMMA further added a new section to the Criminal Code stating that neither "the odor of cannabis or burnt cannabis, nor the "possession of marijuana or hashish without evidence of quantity in excess of any amount that would exceed the amount . . . which may be lawfully possessed," "shall, individually or collectively, constitute reasonable articulable suspicion of a crime" except on school property or at a correctional facility. N.J.S.A. 2C:35-10c.
>
> [State v. Cohen, 254 N.J. 308, 328 (2023).]

In his motion to suppress the marijuana and the handgun Cervantes found on February 3, 2021, defendant argued that N.J.S.A. 2C:35-10c should be applied retroactively to him. If that occurred, defendant asserted that Cervantes would not have had the requisite reasonable articulable suspicion that a crime

5

had occurred to justify the automobile stop and the subsequent searches of his person and the car.

In a written opinion, the trial court rejected defendant's contention, finding that N.J.S.A. 2C:35-10c did not become effective until February 22, 2021 and could not be applied retroactively to the February 3, 2021 stop and searches involved in this case. Therefore, the court upheld the constitutionality of Cervantes's seizure of the marijuana and the handgun.

On appeal, defendant again argues that CREAMMA and, more specifically, N.J.S.A. 2C:35-10c should be retroactively applied to him. We disagree.

Since the time of the trial court's decision, we have squarely held that CREAMMA's requirement that the "odor of cannabis or burnt cannabis" cannot constitute "reasonable articulable suspicion of a crime" must be applied prospectively. State v. Cambrelen, 473 N.J. Super. 70, 76 n.6 (App. Div. 2022). Even more importantly, our Supreme Court confirmed earlier this year that N.J.S.A. 2C:35-10c "has no bearing" on searches that "predated the passage of CREAMMA[.]" Cohen, 254 N.J. at 328. Because CREAMMA does not apply retroactively to the events of February 3, 2021, the trial court properly concluded

that Cervantes had a reasonable articulable suspicion of a crime that justified the motor vehicle stop and his subsequent searches of defendant and the car.

Defendant raises an additional argument concerning the effect of the State's adoption of a constitutional amendment, N.J. Const. art. IV, § 7, ¶ 13, that legalized regulated marijuana (cannabis) for those twenty-one years old or older. This amendment was adopted by New Jersey voters on November 3, 2020. In pertinent part, the amendment stated:

> The growth, cultivation, processing, manufacturing, preparing, packaging, transferring, and retail purchasing and consumption of cannabis, or products created from or which include cannabis, by persons [twenty-one] years of age or older, and not by persons under [twenty-one] years of age, shall be lawful and subject to regulation by the Cannabis Regulatory Commission[.]
>
> . . . .
>
> "Cannabis" means all parts of the plant Genus Cannabis L., whether growing or not, the seeds thereof, and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds. "Cannabis" does not include: cannabis dispensed and consumed for medical purposes pursuant to any law enacted by the Legislature; hemp or hemp products subject to regulation under the "New Jersey Hemp Farming Act," P.L.2019, c.238 (C.4:28-6 et al.), or any successor enactment thereto; or unregulated cannabis, referred to as marijuana, and products created from or which include marijuana.

[N.J. Const. art. IV, § 7, ¶ 13.]

As the New Jersey Attorney General explained in a November 4, 2020 statement concerning the enactment, "[t]he [a]mendment, which makes clear that it does not legalize unregulated marijuana, takes effect on January 1, 2021, and requires the Legislature to enact a law establishing a regulatory scheme for legal cannabis." Press Release, Office of the Attorney General, Statement of Attorney General Gurbir S. Grewal on Constitutional Amendment Legalizing Adult-Use Cannabis, (Nov. 4, 2020).[2] The required "regulatory scheme for legal cannabis" was not in place on February 3, 2021 when the search and seizure in this case occurred.

Nevertheless, defendant asserts there was "undeniable confusion" about whether individuals could possess marijuana at the time of the February 3 search. Defendant argues that the amendment and the Attorney General's statement were vague and may have led individuals to believe they could legally possess marijuana. If that was the case, defendant contends that "suspicion of marijuana" possession based upon a smell emanating from a vehicle should not

_____

[2]    https://www.njoag.gov/statement-of-attorney-general-gurbir-s-grewal-on-constitutional-amendment-legalizing-adult-use-cannabis/.

have been considered "a valid basis for the search of the car or [defendant's] person."

This argument fails for a host of reasons. First, defendant was only twenty years old when he was arrested. The new amendment legalizing the possession of cannabis only applied to individuals who are twenty-one years old or older. Thus, N.J. Const. art. IV, § 7, ¶ 13 clearly did not apply to defendant.

Second, defendant possessed unregulated marijuana. Because there was no "regulatory scheme for legal cannabis" in place on February 3, 2021, the amendment could not apply to defendant or anyone else on that date.

Third, defendant did not testify and he presented no evidence at the suppression hearing that he was confused in any way about whether he could legally possess the marijuana Cervantes found on that date. Even if he was, "a defendant's ignorance of the law making his or her possession of something illegal is not, in and of itself, a basis to immunize a criminal defendant." State v. Borjas, 436 N.J. Super. 375, 394 (App. Div. 2014).

Finally, there is nothing vague about the language used in N.J. Const. art. IV, § 7, ¶ 13. The amendment plainly states that it applies only to "persons [twenty-one] years of age or older, and not [to] persons under [twenty-one] years of age[.]" Ibid. It also makes clear that only regulated cannabis has been

legalized, not the type of marijuana defendant possessed on February 3, 2021.

Ibid.

These points were also made clear in the ballot question and interpretative materials presented to the public concerning N.J. Const. art. IV, § 7, ¶ 1. See S.C.R. 183 (2019).[3] The ballot question asked:

> Do you approve amending the Constitution to legalize a controlled form of marijuana called "cannabis"?
>
> Only adults at least [twenty-one] years of age could use cannabis. The State commission created to oversee the State's medical cannabis program would also oversee the new, personal use cannabis market.
>
> Cannabis products would be subject to the State sales tax. If authorized by the Legislature, a municipality may pass a local ordinance to charge a local tax on cannabis products.
>
> [Ibid.]

The accompanying Interpretative Statement explained:

> This amendment would legalize a controlled form of marijuana called "cannabis." Only persons at least [twenty-one] years of age could use cannabis products legally.
>
> The Cannabis Regulatory Commission would oversee the new adult cannabis market. This commission was created in 2019 to oversee the State's medical cannabis

---

[3] https://pub.njleg.state.nj.us/Bills/2018/SCR/183_I1.PDF

program. The scope of the commission's new authority would be detailed in laws enacted by the Legislature.

All retail sales of cannabis products in the new adult cannabis market would be subject to the State's sales tax. If authorized by the Legislature, a municipality may pass a local ordinance to charge a local tax on cannabis products.

[Ibid.]

Contrary to defendant's unsupported assertions, the amendment is not unconstitutionally vague. It states in easily understandable terms that it only applies to individuals who are twenty-one years of age or older who possess regulated cannabis. It also specifically advised the public that additional legislation was needed to implement the amendment's terms. Defendant was only twenty years old on February 3, 2021 and he possessed marijuana rather than cannabis. Under these circumstances, defendant clearly had fair warning that his conduct on that date was unlawful. See State v. Badr, 415 N.J. Super. 455, 470-71 (App. Div. 2010) (quoting Grayned v. City of Rockford, 408 U.S. 104, 108 (1972) (stating that "[t]he vagueness doctrine is premised on the notion that the law must 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.'")).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11