STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. MICHAEL J. APOSTOLIS AND NICHOLAS J. APOSTOLIS, DEFENDANTS-RESPONDENTS.

Argued November 9, 1982—Decided May 16, 1983.

*William B. Smith,* Assistant Prosecutor, argued the cause for appellant (*Richard S. Rebeck,* Middlesex County Prosecutor, attorney).

*Jane G. Kleinfeld,* Assistant Deputy Public Defender, argued the cause for respondent Nicholas J. Apostolis (*Joseph H. Rodriguez,* Public Defender, attorney).

*Jack Venturi* argued the cause for respondent Michael J. Apostolis (*Robert Bradley Blackman,* attorney).

PER CURIAM.

This case raises the identical issue discussed in the companion case of *State v. Valencia,* 93 *N.J.* 126 (1983), namely, under what circumstances may a search conducted solely upon the authorization given by a judge over the telephone be considered valid.

On February 28, 1981 officers of the Edison Township Police Department conducted a narcotics raid leading to the arrest of a woman. In order to help the arrested woman, a friend offered information to the police. This man informed Detective Mieczkowski of the Edison police that he had purchased an ounce of marijuana from Nicholas Apostolis, one of the present defendants, and that he had observed approximately three pounds of marijuana at the house where this deal took place. To verify this story, the detective sent this informant to the house with instructions to make a "controlled buy" of marijuana from Nicholas Apostolis. At about 12:15 on the morning of March 1, 1981, 30 minutes after this second deal took place, Detective Mieczkowski telephoned a municipal court judge. Under oath, the detective related the foregoing facts to the judge. His testimony was tape recorded. The judge orally authorized the search of the premises at 30 Parkerson Road, Edison, and of the person of Nicholas Apostolis for controlled dangerous substances including, but not limited to, marijuana. A written form of the warrant was not signed by the judge until after the search was conducted.

The search occurred soon after the oral authorization. Defendant Nicholas Apostolis was not at home, but his brother and codefendant in the present case, Michael Apostolis, was there. The police found and seized marijuana and methamphetamine, as well as other items that were reported by Michael Apostolis to have been stolen.

Both Apostolis brothers were indicted for possession of controlled dangerous substances, possession with intent to distribute, and possession of stolen property. Both pleaded not guilty and moved to suppress the evidence seized in the search. They argued, first, that the reliability of the confidential informant was not adequately established and, secondly, that there were no exigent circumstances adequate to sustain the telephone authorization to search. The court upon hearing the motion found that the informant's reliability was adequately established by his motivation to aid his friend, his direct prior dealing with the defendants and his admission of the prior marijuana deal against his penal interest. The judge ordered the evidence suppressed, however, upon finding that the use of the telephonic warrant procedure here was not justified by "exigent circumstances." The Appellate Division refused to grant the State's motion for leave to appeal. We granted the motion for leave to appeal, 89 *N.J.* 450 (1982), and now affirm the order of the trial court.

We have held in *State v. Valencia,* 93 *N.J.* 126 (1983), decided today, that a search conducted pursuant to telephone authorization by a judge is to be considered a warrantless search. We treated such a search as an exception to the written search warrant requirement and fashioned new standards for ascertaining the validity of the telephone warrant exception. To sustain the use of such telephonic warrants, we required the State to show that the issuing judge found both exigent circumstances that justify the failure to secure a written warrant and evidence of probable cause to search. Further, the State must also demonstrate compliance with the procedures surrounding the

application and authorization to assure the reliability of the decisional process engaged in by the issuing judge. *Id.* at 139.

Applying these standards to this case, we conclude that the trial court was correct in determining that the search was invalid. There is no evidence, other than the lateness of the hour, that supports the use of the telephonic warrant procedures. Detective Mieczkowski said nothing to indicate to the municipal court judge that the urgency of the situation demanded immediate action. There was no showing that a physical appearance at the judge's home was impractical. There was no indication that the lapse of time necessary to obtain a written warrant would increase the risk that the evidence would be destroyed. We therefore concur with the trial court's decision. The State failed to demonstrate that the issuing judge properly found "exigent circumstances" as a predicate to its use of the telephone application. Having determined that the State failed to carry its burden of proof on the initial prong of the *Valencia* test, we disapprove of the use of telephonic warrant in these circumstances.

Accordingly, the order of the trial court granting the motion to suppress is affirmed.

*For affirmance* —Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—6.

*For reversal* —None.