**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5422-17T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

AARON L. WILLIAMSON,

     Defendant-Respondent.

_____

> Argued November 29, 2018 – Decided  February 25, 2019
>
> Before Judges O'Connor and Whipple.
>
> On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-01-0002.
>
> Sarah D. Brigham, Deputy Attorney General, argued the cause for appellant (Gurbir S. Grewal, Attorney General, attorney; Sarah D. Brigham, of counsel and on the brief).
>
> Thomas R. Ashley argued the cause for respondent.

PER CURIAM

On leave granted, the State appeals from a May 30, 2018 order granting in part defendant Aaron Williamson's motion to suppress. The State challenges the suppression of evidence found after a search of defendant's car trunk. We affirm.

On September 9, 2016, two plain-clothed New Jersey State Police Detectives, Scott Tetzlaff and Robert Kilmurray, were conducting surveillance in an unmarked car in a service area off the turnpike. Defendant was driving a rental car he obtained about five hours before pulling into the service area. Defendant parked in the lot furthest away from the service area building, but about twenty feet from the officers. Defendant exited his car, walked to the service area, and when he returned to his car, he lit a hand-rolled cigar. When one of the officers opened a police vehicle door he smelled burnt marijuana. Both officers approached defendant and identified themselves. Defendant admitted to "smoking weed." Then the officers arrested him and searched his car.

Tetzlaff opened the driver's side door and found a container with about fifty suspected oxycodone pills. Kilmurray searched the passenger side and found two small bags of marijuana in the center console, which the motion judge found to be consistent with personal use. After removing the marijuana,

Kilmurray asserted he still smelled an "overwhelming" scent of raw marijuana. Tetzlaff did not testify on direct examination to smelling raw marijuana when he opened the driver's side door and on cross-examination was not sure whether the raw marijuana smell dissipated when the two small bags were removed. Kilmurray found no other contraband in the interior of the vehicle and expanded his search to the trunk. On cross-examination, Kilmurray admitted he could not smell raw marijuana through the closed trunk, but testified the smell returned when he opened the trunk. In the trunk, Kilmurray found a laundry bag with suspected heroin. He found no additional marijuana in the car.

The motion judge suppressed the evidence from the trunk because the State did not prove the officers were justified in expanding the scope of the search based on the contraband found in the car's interior. The motion judge determined Kilmurray's uncorroborated testimony about smelling raw marijuana did not provide a sufficient basis to expand the search. The motion judge rejected Kilmurray's testimony because Tetzlaff could not testify to the same "overwhelming" smell of raw marijuana. Moreover, the motion judge noted defendant possessed the rental car for only five hours before it was searched. The motion judge upheld the search of the car's interior under the search incident to arrest exception.

A-5422-17T4

When we review a court's decision on a motion to suppress, we defer to the trial court's factual and credibility findings, "'so long as those findings are supported by sufficient credible evidence in the record.'" State v. Hamlett, 449 N.J. Super. 159, 169 (App. Div. 2017) (quoting State v. Handy, 206 N.J. 39, 44 (2011)). We defer "because the 'findings of the trial judge . . . are substantially influenced by his [or her] opportunity to hear and see the witnesses and to have the "feel" of the case, which a reviewing court cannot enjoy.'" State v. Reece, 222 N.J. 154, 166 (2015) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)). "An appellate court should disregard those findings only when a trial court's findings of fact are clearly mistaken." State v. Hubbard, 222 N.J. 249, 262 (2015). Legal conclusions are reviewed de novo. Hamlett, 449 N.J. Super. at 169.

We agree with the motion judge the essential question was whether the officers had a sufficient basis to expand the search to the trunk. In State v. Patino, our Supreme Court explained discovery of a user amount of marijuana in the interior of a vehicle is alone not suggestive of a larger amount of contraband in the trunk. 83 N.J. 1, 13 (1980). There, officers pulled the defendant over and observed a small amount of marijuana on the floor of the front seat and a marijuana cigarette. Id. at 5-6. The Court found the officer was

4

justified in searching the car's interior but not the trunk.  Id. at 12; see also State v. Murray, 151 N.J. Super. 300, 307 (App. Div. 1977) (holding an observation of a "roach clip" and vials of hashish in a car's interior did not provide sufficient probable cause to remove the driver's seat and open a container underneath).

Patino is distinguishable from State v. Guerra.  93 N.J. 146 (1983).  In Guerra, an officer smelled raw marijuana after pulling over the defendant.  Id. at 149.  A brief search of the car's interior did not reveal the source of the scent or other contraband and the officers obtained a search warrant.  Id. at 149-50. The search revealed nearly 200 pounds of marijuana.  Id. at 150.  Although the search warrant was defective, the automobile exception was met because the officers corroborated their suspicions with testimony the trunk of the car was sagging, indicating a large package was inside.  Ibid.  Thus, the officers were justified to expand the scope of their search to the trunk.  Id. at 150-51.

Under Patino and Guerra, a vehicle search cannot be expanded to the trunk unless probable cause supports a reasonable belief contraband will be found there.  This is consistent with principle from Terry v. Ohio that the scope of a search is tethered to "the circumstances which rendered its initiation permissible." 392 U.S. 1, 19 (1968).  Here, because the motion judge discredited testimony there was an overwhelming smell of raw marijuana, the officers were

not justified in expanding the search beyond the car's interior. The motion judge found the marijuana recovered from the car's interior was consistent with personal use. The record supports the judge's finding because Kilmurray admitted he could not smell raw marijuana through the closed trunk and because the State offered no other basis to support a reasonable belief there was additional raw marijuana in the trunk. We defer to the court's credibility assessment. Moreover, we agree the automobile exception does not apply here, where a vehicle was parked in a lot, and therefore not inherently mobile, and its driver was outside the vehicle under arrest.[1]

---

[1] The Supreme Court, in State v. Witt and later in State v. Terry, clarified the justifications for the automobile exception under the New Jersey Constitution.

> The automobile exception is premised on three rationales:
>
> (1) the inherent mobility of the vehicle, Carroll v. United States, 267 U.S. 132, 153 (1925);
>
> (2) the lesser expectation of privacy in an automobile compared to a home, California v. Carney, 471 U.S. 386, 391-93 (1985); and
>
> (3) the recognition that a Fourth Amendment intrusion occasioned by a prompt search based on probable cause is not necessarily greater than a prolonged detention of the vehicle and its occupants while the police secure a

The State argues expansion of the search was justified because the service area was known for drug trafficking and fifty oxycodone pills were found. However, Tetzlaff testified he and Kilmurray searched the trunk only because Kilmurray still smelled an "overwhelming" scent of marijuana. We therefore conclude the officers did not have probable cause to search the trunk because

warrant, Chambers v. Maroney, 399 U.S. 42, 51-52 (1970).

[State v. Terry, 232 N.J. 218, 232-33 (2018) (quoting State v. Witt, 223 N.J. 409, 422 (2015)).]

Witt purported to do away with the exigency requirement of State v. Pena-Flores, 198 N.J. 6 (2009), by returning to the framework established in State v. Alston, 88 N.J. 211 (1981). Witt, 223 N.J. at 447. But it is not clear that any analysis of exigency is totally excised from our search and seizure jurisprudence because the Witt Court explained "[w]arrantless searches should not be based on fake exigencies." Id. at 449.

Moreover, under Witt, we still consider the extent to which the scope of the automobile exception is proportionate to the circumstances presented. Here, the officers only had probable cause to enter the passenger compartment of the vehicle. Witt did not permit the search of the trunk because the defendant was already under arrest and the vehicle's immobility diminished the situation's exigency. Thus, "the automobile exception authorize[s] the warrantless search of an automobile only when the police have probable cause to believe that the vehicle contains contraband or evidence of an offense and the circumstances giving rise to probable cause are unforeseeable and spontaneous." Id. at 447. Relevant here, "[i]n the case of the parked car, if the circumstances giving rise to probable cause were foreseeable and not spontaneous, the warrant requirement applies." Id. at 448.

finding a user quantity of marijuana alone does not trigger an inference the driver is carrying larger amounts of contraband.  Patino, 83 N.J. at 12-13.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION