**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3009-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JONATHAN L. HIGGINS,

     Defendant-Appellant.

_____

Submitted March 25, 2019 – Decided April 5, 2019

Before Judges Sabatino and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-11-1733.

Leon Matchin, attorney for appellant.

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This appeal concerns search-and-seizure issues. After a motor vehicle stop, police seized without a warrant over fifty grams of marijuana from the trunk of the car of defendant Jonathan L. Higgins. The State charged him with various drug related offenses. Defendant filed a motion to suppress the seized items, which the trial court denied.

Defendant then entered into a negotiated guilty plea to fourth-degree possession of marijuana, N.J.S.A. 2C:35-10(a)(3), which resulted in him receiving a one-year term of probation with special conditions. Pursuant to Rule 3:5-7(d), defendant now appeals the denial of his suppression motion. We affirm.

The record from the suppression hearing shows that a Carteret patrol officer spotted defendant driving his car erratically at about 10:30 p.m. on April 8, 2016. The officer saw defendant make a wide turn, almost collide head-on with another car, fail to signal before turning onto another street, and then run a stop sign.

After signaling defendant to stop his car, the officer went to the driver's side window and smelled the odor of raw marijuana. The officer directed defendant to step out of the car. The officer asked defendant where the marijuana he was smelling was located. Defendant pointed to an open

compartment under the dashboard. The officer found under the dashboard a baggie with under fifty grams of marijuana. The officer and his back-up officer also found rolling papers in the back seat and a scale.

After the baggie was removed, the officers detained defendant, but continued to smell marijuana emanating from the car. The lead officer told defendant that he was still smelling the marijuana even after searching the passenger cabin entirely and deduced it had to be in the trunk. The officer then opened the trunk, and immediately continued to smell marijuana. He found inside the trunk a drawstring beach bag. Inside the beach bag were several bags of marijuana and a glass jar containing marijuana. The officers arrested defendant and confiscated the marijuana.

On appeal, defendant raises this sole argument in his brief:

> THE EVIDENCE RECOVERED FROM THE TRUNK MUST BE SUPPRESSED BECAUSE THE POLICE LACKED PROBABLE CAUSE TO SEARCH THE TRUNK.

When reviewing a trial court's ruling on a motion to suppress evidence, we "must uphold the factual findings underlying the trial court's decision so long as the findings are supported by sufficient credible evidence in the record." State v. Elders, 192 N.J. 224, 243 (2007) (internal quotations omitted). Even if we may have reached a different conclusion, we give deference to the factual

3

findings of the trial judge who was "substantially influenced by his opportunity to hear and see the witnesses and to have the 'feel' of the case." Id. at 244; see also State v. Gonzales, 227 N.J. 77, 101 (2016) (applying the same review standard). However, we review the trial court's conclusions of law de novo. Elders, 192 N.J. at 252-53.

It is well established that to comply with the federal and New Jersey Constitutions, law enforcement officials generally must obtain a warrant before conducting a search of the person or private property of an individual, unless a recognized exception to the warrant requirement applies. State v. Witt, 223 N.J. 409, 422 (2015). One of those recognized exceptions is the so-called "automobile exception." Ibid. (citing Pennsylvania v. Labron, 518 U.S. 938, 940 (1996)).

The search in this case, which occurred in 2016, is governed by our State Supreme Court's seminal 2015 opinion in Witt. As interpreted in Witt, the automobile exception allows a police officer to "conduct a warrantless search of a motor vehicle if it is 'readily mobile' and the officer has 'probable cause' to believe that the vehicle contains contraband or evidence of an offense." Ibid. (quoting Labron, 518 U.S. at 940). These principles in Witt revised prior New Jersey case law construing the automobile exception more restrictively, based

4

upon assessment of exigent circumstances. See State v. Peña-Flores, 198 N.J. 6 (2009), overruled by Witt, 223 N.J. 409 (reinstating and prospectively applying the automobile search standard from State v. Alston, 88 N.J. 211 (1981)).

In the present case, the motion judge, Judge Joseph L. Rea, applied the principles of Witt and concluded in his oral opinion that the elements of the automobile exception were satisfied here. We agree. Judge Rea expressly found the narrative of the sole witness who testified at the suppression hearing, Officer John Moody, to be "extremely credible." In making that credibility finding, the judge rightly noted Officer Moody's extensive training and experience as a patrol officer, entailing "hundreds of cases involving marijuana or drugs in a car." We defer to the judge's credibility findings concerning the officer's account. We further note that the judge viewed the officer's "body-cam" video recording of the motor vehicle stop, which is substantially consistent with the officer's testimony.[1]

Given Officer Moody's clear familiarity with the smell of marijuana, his testimony describing the odor of marijuana persistently emanating from

---

[1] As part of our review of this appeal, we reviewed the video recording ourselves, and discern nothing that clearly and materially contradicts the judge's findings or the officer's testimony. See State v. S.S., 229 N.J. 360, 364-65 (2017).

A-3009-17T3

defendant's car was logically deemed by the trial court to provide a credible justification for searching the interior of defendant's car. The detection of that odor stemmed from, as <u>Witt</u> requires, "unforeseeable and spontaneous circumstances." 223 N.J. at 450. The police had no particular reason to believe defendant was transporting marijuana before pulling him over.

The plain smell of the marijuana furnished probable cause to search the interior of the vehicle. Once the officers found and confiscated the scale and a small amount of marijuana from the interior cabin of the car, and the strong odor nevertheless persisted, they had a valid basis to extend their search into the trunk. <u>See</u> <u>State v. Guerra</u>, 93 N.J. 146, 149-51 (1983) (similarly upholding a car trunk search based upon an unexplained strong odor of marijuana not emanating from the car's passenger cabin); <u>see also</u> <u>State v. Walker</u>, 213 N.J. 281, 290 (2013) (noting that the smell of marijuana itself can provide probable cause that additional contraband might be present). The expanded search into the trunk here was justified under the circumstances and did not require a warrant.

We reject defendant's implication that the police in this case were required to call in a canine unit or impound his car and obtain a warrant to search its trunk at a later time. We do not read <u>Witt</u> to require the police to delay a search in the

6

circumstances presented here, given the inherent mobility of the vehicle and the persisting odor that justified the discovery and immediate confiscation of the marijuana at the roadside. Under <u>Witt</u>, the automobile exception does not evaporate "merely because 'the particular occupants of the vehicle may have been removed from the car, arrested, or otherwise restricted in their freedom of movement[.]'" 223 N.J. at 428 (quoting <u>Alston</u>, 88 N.J. at 234). Therefore, defendant's being detained after the first baggie was found does not operate to nullify the continued search under the automobile exception.

Defendant's freedom of movement was not unduly curtailed by the roadside stop and car search, which was promptly and efficiently conducted and soundly based upon probable cause. We do not suggest that the police have an automatic right to search a motorist's trunk for drugs every time they stop a car and suspect criminality, but the situation here justified the warrantless on-the-spot entry.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3009-17T3