**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3746-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DANIEL T. WILLIAMS,
a/k/a DAMAN WILLIAMS,
DAAMIEL WILLIAMS,
and DAMIEL WILLIAMS,

     Defendant-Appellant.

_____

Submitted January 26, 2021 – Decided February 16, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 17-11-2435.

Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Lauren Bonfiglio, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

After the trial judge denied defendant's motion to suppress, among other things, cocaine and a digital scale found in the trunk of a car in which he was a passenger, defendant pled guilty to first-degree possession of cocaine, N.J.S.A. 2C:35-5(b)(1). In accordance with the negotiated plea, the judge sentenced defendant to five years in prison[1] with two-and-one-half years of parole ineligibility.

On appeal, defendant raises the following contention:

> BECAUSE PROBABLE CAUSE DID NOT EXIST TO SUPPORT EXPANSION OF THE SEARCH OF THE PASSENGER COMPARTMENT OF THE CAR TO THE TRUNK, AND BECAUSE THE CAR WAS NOT READILY MOBILE, THE EVIDENCE SEIZED DURING THE WARRAN[T]LESS CAR SEARCH MUST BE SUPPRESSED.

After reviewing the record in light of this argument and the applicable law, we affirm.

I.

The State presented the testimony of Trooper Redrow at the evidentiary hearing on defendant's suppression motion. At approximately 11:00 p.m. on

---

[1] The judge sentenced defendant pursuant to N.J.S.A. 2C:44-1(f)(2), which permits the court to "sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which [he] was convicted."

A-3746-18

September 9, 2017, Trooper Redrow was on patrol on the Atlantic City Expressway. As he drove, a BMW approached him from behind at a high rate of speed. The trooper activated his radar and received readings ranging from eighty-eight to ninety-five miles per hour. Because of the obvious speeding violation, Trooper Redrow performed a motor vehicle stop of the BMW.

There were four passengers in the BMW. Defendant was sitting in the front passenger seat of the car, and the other occupants were defendant's brothers. Trooper Redrow told the men he could smell alcohol and raw marijuana coming from the vehicle. Troopers Golden and Ray then arrived to assist Trooper Redrow. After confirming that none of the occupants possessed a medical marijuana card, the troopers removed the four occupants from the BMW and placed them under arrest for suspected marijuana possession.

Trooper Redrow brought defendant to his patrol car so he could be searched and secured in the vehicle. Trooper Golden searched defendant and found a cigarette box in defendant's pocket that contained marijuana. Defendant then admitted there was "dope" in his underpants, but he refused to consent to a search of that area.

When he learned that defendant was carrying heroin, Trooper Redrow was concerned that it might contain fentanyl and, if the packaging broke, defendant

A-3746-18

could be harmed if the drug touched his skin. The trooper attempted to shake defendant's sweat pants to dislodge the heroin so it would fall through his pants leg to the ground. However, defendant had stored the drugs in a pocket at the front of his underpants. Trooper Redrow then stretched open the elastic band of defendant's underpants from the top and was able to retrieve 103 wax-fold bundles of heroin from the pocket.

Trooper Redrow still smelled raw marijuana coming from the BMW. Troopers Redrow and Ray searched the passenger compartment of the car and found a partially burnt marijuana cigarette and a "large amount of cash" under the front seat of the car. Because the vehicle still smelled of raw marijuana after these items were removed, Trooper Redrow looked inside the BMW's trunk in an attempt to locate the source of the scent. In the trunk, the trooper found a gym bag containing cocaine and a digital scale. Defendant admitted that the bag of cocaine belonged to him.

In addition to Trooper Redrow's testimony, the State introduced Troopers Redrow's and Golden's dash-cam videos of the motor vehicle stop and the car search as exhibits. Defendant did not testify at the evidentiary hearing and he presented no witnesses.

A-3746-18

After considering the arguments of counsel, the judge granted defendant's motion to suppress in part, and denied it in part. In his oral decision rendered on April 26, 2018, the judge found that Trooper Redrow's testimony at the hearing was credible. The judge found that the trooper properly stopped the BMW because it was speeding. Once the car was stopped, Trooper Redrow smelled raw marijuana coming from it and, on this basis, the judge found it was appropriate for the troopers to arrest and remove the passengers from the car. Thus, the judge denied defendant's motion to suppress the marijuana and cash seized from defendant's pants pocket during the search incident to his arrest. Defendant does not challenge this ruling on appeal.

Because Trooper Redrow had to "rearrange" defendant's underpants in order to remove the heroin bundles he had concealed there, the judge determined that the drugs should be suppressed "because the appropriate steps to [conduct a] strip search were not taken" by the troopers. The State does not dispute this ruling on appeal.

The judge found that the troopers had probable cause to search the interior of the BMW because Trooper Redrow testified credibly that he detected the smell of raw marijuana emanating from the vehicle. This search produced a burnt marijuana cigarette and more cash, but no raw marijuana.

When these items were removed, Trooper Redrow could still smell raw marijuana and proceeded to search the trunk for it. In the trunk, the troopers found the bag of cocaine and the digital scale that are the sole subject of defendant's current appeal. The judge concluded that the trooper's actions fell within the automobile exception to the Fourth Amendment's warrant requirement and denied defendant's motion to suppress this contraband.

## II.

On appeal, defendant argues that the judge erred in finding that the automobile exception applied to the search of the BMW's trunk. We disagree.

Our review of a trial judge's decision on a motion to suppress is limited. State v. Robinson, 200 N.J. 1, 15 (2009). In reviewing a motion to suppress evidence, we must uphold the judge's factual findings, "so long as those findings are supported by sufficient credible evidence in the record." State v. Rockford, 213 N.J. 424, 440 (2013) (quoting Robinson, 200 N.J. at 15). Additionally, we defer to a trial judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Ibid. (alteration in original) (quoting Robinson, 200 N.J. at 15). We do not, however, defer to a trial judge's legal conclusions, which we review de novo. Ibid.

6

It is well established that to comply with the federal and New Jersey Constitutions, law enforcement officials generally must obtain a warrant before conducting a search of the person or private property of an individual, unless a recognized exception to the warrant requirement applies. State v. Witt, 223 N.J. 409, 422 (2015). One of these recognized exceptions is the "automobile exception." Ibid. (citing Pennsylvania v. Labron, 518 U.S. 938, 940 (1996)).

Under the automobile exception, a police officer may conduct a warrantless search of a motor vehicle during a lawful roadside stop "in situations where: (1) the police have probable cause to believe the vehicle contains evidence of a criminal offense; and (2) the circumstances giving rise to probable cause are unforeseeable and spontaneous." State v. Rodriguez, 459 N.J. Super. 13, 22 (App. Div. 2019) (citing Witt, 223 N.J. at 447-48). We are satisfied that the trial judge properly concluded that both of these requirements were met in this case.

Here, Trooper Redrow was familiar with the smell of both burnt and raw marijuana from his training and experience with the State Police. His testimony describing the odor of raw marijuana persistently emanating from the BMW was logically deemed by the trial judge to provide sufficient probable cause for searching the interior of the car. State v. Walker, 213 N.J. 281, 290 (2013)

(stating that "New Jersey courts have [long] recognized that the smell of marijuana itself constitutes probable cause that a criminal offense ha[s] been committed and that additional contraband might be present") (quoting State v. Nishina, 175 N.J. 502, 516-17 (2003)) (internal quotation marks omitted).

As the automobile exception requires, the trooper's detection of that odor also stemmed from "unforeseeable and spontaneous circumstances." Witt, 223 N.J. at 450. It is undisputed that Trooper Redrow had no reason to believe that the BMW was transporting marijuana before he pulled it over for the speeding violation. Therefore, both prongs of the Witt test were met.

Defendant argues that the troopers had no legal basis for extending their search into the trunk of the BMW. This argument lacks merit.

As noted above, the plain smell of the raw marijuana furnished probable cause to search the passenger area of the vehicle. Once the troopers found the burnt marijuana cigarette, the distinct smell of raw marijuana was still present. It is well settled that where the smell of marijuana persists after other possible sources of the scent have been eliminated, the police have a valid basis for extending their search into the trunk of the car. State v. Guerra, 93 N.J. 146, 149-51 (1983) (upholding a car trunk search based upon an unexplained odor of

marijuana not emanating from the car's passenger cabin); see also Walker, 213 N.J. at 290.  Therefore, we reject defendant's contention on this point.

Defendant also asserts that the automobile exception could not properly be applied to the BMW in this case because the car was no longer "readily mobile" after the troopers removed and arrested all of the passengers.  This argument lacks merit.

The "inherent mobility" of motor vehicles has long been cited as one of the rationales supporting the creation of the automobile exception.  Witt, 223 N.J. at 422-23; Rodriguez, 459 N.J. Super. at 20-21.  However, in order for the exception to apply, all that is required is probable cause that arose under "unforeseeable and spontaneous circumstances." Witt, 223 N.J. at 450.  Indeed, our Supreme Court has held that "where police have probable cause to believe that [a] vehicle contains contraband or evidence of criminal activity[,]" a warrantless search under the automobile exception is permissible even if the vehicle is parked and unoccupied.  State v. Martin, 87 N.J. 561, 567 (1981).  Therefore, we discern no basis for disturbing the trial judge's denial of defendant's suppression motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9